IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01861-BNB

ARTHUR J. MOORE,

    Plaintiff,

v.

CAPT. ARGUELLO, and
ANTHONY A. DeCESARO,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Arthur J. Moore, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Moore has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. He seeks damages as relief.

    The court must construe the Prisoner Complaint liberally because Mr. Moore is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Moore will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint is deficient because Mr. Moore fails to provide factual allegations that

demonstrate the named Defendants personally participated in the asserted violations of his rights. Because Mr. Moore is asserting constitutional claims against Defendants in their individual capacities, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).

It appears that Mr. Moore seeks to hold Defendants liable for their actions in denying administrative grievances he has filed. However, the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

For this reason, Mr. Moore will be ordered to file an amended complaint that includes specific allegations demonstrating how each Defendant personally participated in the asserted constitutional violations. For each claim he asserts in the amended complaint, Mr. Moore "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). If Mr. Moore fails to file an amended complaint that includes specific allegations demonstrating personal participation by each named Defendant, the Court will dismiss any claims lacking specific allegations of personal participation.

Finally, Mr. Moore has filed two motions to amend. Those motions will be denied because Mr. Moore has not submitted an amended complaint that includes any additional claims he wishes to assert in this action. Mr. Moore may include in the amended complaint he will be ordered to file all of the claims he wishes to assert against the named Defendants and any claims against other Defendants that properly may be joined in this action. Accordingly, it is

ORDERED that Mr. Moore file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Moore shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Moore fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 9, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge