IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01861-BNB

ARTHUR MOORE,

    Plaintiff,

v.

CAPT. ARGUELLO, and
ANTHONY A. DeCESARO,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Arthur Moore, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary (CSP) in Cañon City, Colorado. Mr. Moore initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. On September 9, 2013, the court ordered Mr. Moore to file an amended complaint that includes specific allegations of personal participation by each named Defendant. On September 20, 2013, Mr. Moore filed an amended Prisoner Complaint (ECF No. 14).

    The court must construe the amended Prisoner Complaint liberally because Mr. Moore is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Moore will be ordered to file a second amended complaint if

he wishes to pursue his claims in this action.

The court has reviewed the amended Prisoner Complaint and finds that it is deficient. Mr. Moore claims in the amended Prisoner Complaint that his Eighth Amendment rights have been violated because he has been denied an opportunity to exercise outdoors while incarcerated at CSP. However, Mr. Moore fails to list each Defendant in the caption of the amended Prisoner Complaint and he fails to provide an address where each Defendant may be served. It appears that Mr. Moore intends to assert the Eighth Amendment claim against Captain Arguello and Anthony A. DeCesaro, the two Defendants listed in the caption of the amended Prisoner Complaint, and two other prison officials, Charmaine Ediger and Warden Trani, who are identified as Defendants in the text of the amended Prisoner Complaint (*see* ECF No. 14 at 5-6). Although Mr. Moore has filed a motion to amend seeking to add Charmaine Ediger and Warden Trani as Defendants in this action (*see* ECF No. 15), he has not submitted an amended pleading that lists those individuals as Defendants and he has not provided an address where they may be served. Mr. Moore also has not provided an address where Anthony A. DeCesaro may be served.

For these reasons, Mr. Moore will be directed to file a second amended complaint using the court-approved Prisoner Complaint form if he intends to pursue his Eighth Amendment claim against all four of these Defendants. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any

identifying text shall be in upper and lower case immediately following the proper name." Regardless of who Mr. Moore names as Defendants, he must provide a complete address for each named Defendant so that they may be served properly.

In addition, for each claim Mr. Moore asserts in the second amended complaint, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Mr. Moore must include in the second amended complaint specific factual allegations that demonstrate each named Defendant personally participated in the asserted Eighth Amendment violation. Because Mr. Moore is asserting constitutional claims against Defendants in their individual capacities, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). To the extent Mr. Moore is naming supervisory officials as defendants, the court notes that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Mr. Moore also

cannot satisfy the requirement of alleging personal participation by simply alleging that the named Defendants denied administrative grievances because "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Finally, Mr. Moore has filed four motions to amend. Those motions will be denied because Mr. Moore has not submitted an amended complaint that includes the additional claims and allegations he wishes to include in this action and the court will not allow him to pursue his Eighth Amendment claim in piecemeal fashion. Mr. Moore must include within one amended pleading all of the Defendants he is asserting the Eighth Amendment claim against and he must including within the same amended pleading all of his allegations in support of that claim. Accordingly, it is

ORDERED that Mr. Moore file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Moore shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Moore fails to file a second amended complaint that complies with this order within the time allowed, the court will dismiss without further notice any claim or Defendant not properly asserted or identified in the amended Prisoner Complaint. It is

FURTHER ORDERED that the motions to amend (ECF Nos. 7, 10, 13, & 15) are DENIED without prejudice.

DATED September 25, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge