IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01861-WJM-BNB

ARTHUR MOORE,

Plaintiff,

v.

CAPTAIN ARGUELLO, and
CAPTAIN TOM MEEK,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter arises on the defendants' **Motion to Dismiss** [Doc. #30, filed 12/20/2013] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiff is incarcerated by the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility. He filed his Second Amended Prisoner Complaint on October 9, 2013 [Doc. #17] (the "Complaint"). At all times pertinent to the allegations of the Complaint, the plaintiff was incarcerated at the Colorado State Prison ("CSP"). The Complaint contains the following allegations:

1. The plaintiff arrived at CSP on or about October 26, 2010. He did not receive any outdoor exercise from October 26, 2010, until June 12, 2012. *Complaint*, p. 3.

2. After the plaintiff threatened to file a complaint, he was moved to the Limon Correctional Facility on or about October 9, 2012. He was transferred back to CSP on February 7, 2013, because he told staff not to put him in a cell with a gang member. Id.

3. The plaintiff filed an informal grievance at CSP because he was denied the opportunity to exercise outdoors. Defendant Captain Arguello responded by stating that Judge Jackson ruled that only one inmate can go outdoors to exercise. Id. at p. 3. The plaintiff states that Judge Jackson ruled that CSP "cannot have total denial of outdoors exercise for inmates in segregation." Arguello's misunderstanding of Judge Jackson's ruling in Anderson v. DOC, 887 F.Supp.2d 1133, caused the plaintiff distress and mental anguish and forced him to live in inhumane conditions in violation of the Eighth Amendment. Id. at p. 3.

4. Captain Arguello also responded to the plaintiff's Step 1 grievance. He stated "to date, the litigation you have mentioned has not affected the [policies] and practices at CSP." Arguello told the plaintiff that he would "only receive outdoor exercise when he leave (CSP) re: a lower security facility." Judge Jackson's ruling put CSP staff on notice regarding the total

failure to allow inmates to exercise outdoors, and Arguello's acknowledgment of the case shows that he was aware that a substantial risk of harm to the plaintiff existed. Arguello's "total failure for not allowing plaintiff outdoor exercise" has caused the plaintiff "distress, mental anguish, and headaches." Id. at pp. 4-5.

5. Captain Meek responded to the plaintiff's Step 2 grievance "in a perfunctory manner." Captain Meek failed to investigate or acknowledge Judge Jackson's ruling "once it was pointed out to him." He caused the plaintiff mental anguish and endangered his health in violation of his Eighth Amendment rights.[1] Id. at p. 6.

The plaintiff seeks $200,000.00 in compensatory damages. Id. at p. 8.

## III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A. Official Capacity Claims: Eleventh Amendment Immunity

The defendants assert that they are entitled to Eleventh Amendment immunity. *Motion*, p. 3. Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis

[1]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

omitted). The defendants' assertion of Eleventh Amendment immunity is a facial challenge to the Complaint's allegations. Therefore, I accept the allegations of the Complaint as true. Holt, 46 F.3d at 1003.

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst, 465 U.S. at 102-03,105-06. Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

The plaintiff alleges that the defendants are employed by the DOC. *Complaint*, p. 2. The DOC is an agency or subdivision of the State of Colorado. Consequently, a suit against the defendants in their official capacities is a suit against the state. Therefore, the Motion should be granted to the extent it seeks dismissal of all claims against defendants in their official capacities for retroactive monetary relief. In addition, because the plaintiff does not seek prospective injunctive relief, the claims against the defendants in their official capacities should be dismissed entirely.

**B. Individual Capacity Claims**

The defendants assert that they are entitled to qualified immunity. *Motion*, pp. 6-8. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be

sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I consider two factors. I must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right. In addition, I must inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).[2]

The defendants assert that the claims against them must be dismissed because the plaintiff does not allege that they personally participated in any of the alleged violations of his constitutional rights. *Motion*, pp. 4-5.

"A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability. Personal liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Brown v. Montoya, 662 F.3d 1152, 1163 (10th Cir. 2011) (internal quotations and citation omitted).

"Section 1983 does not authorize liability under a theory of respondeat superior." Id. at 1164. In order to hold a supervisor liable under section 1983, a plaintiff must show that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Id. (internal

[2]The order in which I may consider these factors is discretionary. Pearson v. Callahan, 555 U.S.223, 236 (2009). However, both prongs must be satisfied. Herrera v. City of Albuquerque, 589 F.3d 1064, 1070 (10th Cir. 2009).

quotations and citation omitted). Without a showing of personal involvement in the alleged constitutional violation, liability will not be imposed on a supervisory official. Id. at 1163.

Here, the plaintiff is attempting to hold the defendants liable solely based on their responses to his grievances. "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by Plaintiff, does not establish personal participation under § 1983." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009). Moreover, the plaintiff has not alleged any specific facts to show that the defendants were responsible for a policy that violated the plaintiff's Eighth Amendment rights. Accordingly, the Motion should be granted and the Complaint should be dismissed.

**IV. CONCLUSION**

I respectfully RECOMMEND that the defendants' Motion to Dismiss [Doc. #30] be GRANTED.[3]

Dated May 6, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).