IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 1:13-cv-1861-WJM-BNB

ARTHUR MOORE,

     Plaintiff,

v.

CAPT. ARGUELLO, and
CAPT. TOM MEEK

     Defendants.

---

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS**

---

Plaintiff Arthur Moore ("Plaintiff") brings this action *pro se* against Defendants Capt. Arguello and Capt. Tom Meek ("Defendants") alleging that his Eighth Amendment rights were violated when Defendants denied his requests for access to outdoor exercise. (Am. Compl. (ECF No. 17).)

This matter is before the Court on Magistrate Judge Boyd N. Boland's Recommendation (ECF No. 55) that Defendants' Motion to Dismiss (ECF No. 30) be granted. Plaintiff filed a timely objection to the Recommendation. (ECF No. 56.) For the reasons set forth below, Plaintiff's Objection is overruled, the Recommendation is adopted in part, and the Motion to Dismiss is granted.

### I. LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter such as a motion to dismiss, Federal Rule of Civil Procedure 72(b)(3) requires that the district

court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

For purposes of the instant Motion, the Court accepts the facts pled in Plaintiff's

Complaint as true.

Plaintiff alleges that he has been a prisoner housed in administrative segregation at the Colorado State Penitentiary ("CSP") since February 7, 2013. (Compl. (ECF No. 17).) On February 21, 2013, Plaintiff submitted an informal grievance asking for access to outdoor exercise in accordance with United States District Judge R. Brooke Jackson's ruling in *Anderson v. CDOC*, Case No. 1:10-cv-1005-RBJ-KMT. (ECF No. 1 at 9.) Defendant Arguello responded to this request by stating that Judge Jackson's ruling was "specific to one person, not everyone currently housed at CSP" and that CSP does "not have outdoor recreation for offenders on Administrative Segregation". (*Id*.) Plaintiff then filed a step one grievance seeking the same relief—access to outdoor exercise—which Defendant Arguello again denied. (*Id*. at 10.) Plaintiff's step two grievance on this issue was denied by Defendant Meek on April 5, 2013. (*Id*. at 11.) Meek stated that he had reviewed Plaintiff's complaint, that Defendant Arguello's response was correct, and that he had no further information to provide to Plaintiff. (*Id*.)

Plaintiff alleges that the denial of access to outdoor exercise violates his Eighth Amendment rights and causes him mental anguish and pain, distress, and headaches. (Am. Compl. at 4.) Plaintiff seeks damages in the amount of $200,000 for his injuries. (*Id*. at 8.)

### III.  ANALYSIS

Defendants' Motion to Dismiss raised the following arguments: (1) to the extent Plaintiff's claim is brought against Defendants in their official capacities, any claim for monetary damages is barred by the Eleventh Amendment; (2) Plaintiff failed to allege

sufficient facts to show that Defendants personally participated in the constitutional deprivation; (3) Plaintiff's claim for compensatory damages is barred by the physical injury requirement of the Prison Litigation Reform Act ("PLRA"); and (4) Defendants are entitled to qualified immunity. (ECF No. 30.)

Magistrate Judge Boland found that Plaintiff's official capacity claims were barred by the Eleventh Amendment, and recommends dismissing these claims on that basis. (ECF No. 55 at 5-7.) Plaintiff does not object to this finding. (ECF No. 56.) Having reviewed the record, the Court sees no clear error in the Magistrate Judge's analysis. *See* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). As such, the Court adopts this aspect of the Recommendation and dismisses Plaintiff's official capacity claims.

With respect to the claims against Defendants in their individual capacities, the Recommendation found that Plaintiff is attempting to hold the Defendants liable for an Eighth Amendment violation based solely on their responses to his grievances. (ECF No. 55 at 7.) Because the denial of a grievance, without any connection to the underlying constitutional deprivation, is insufficient to state a claim under 28 U.S.C. § 1983, the Magistrate Judge recommends dismissing these claims as well. (*Id.*) Plaintiff objects to this finding, arguing that he has sufficiently pled that both Defendants personally denied him access to outdoor exercise, which is a constitutional violation. (ECF No. 56.)

With respect to Defendant Meeks, the Court agrees with the Magistrate Judge's analysis. Capt. Meeks's only participation in this case was in responding to Plaintiff's

step two grievance by stating that the information Capt. Arguello had provided to Plaintiff in response to the step one grievance was correct, and that he had "no further information" on access to outdoor exercise. (ECF No. 1 at 11.) This is not sufficient to state a § 1983 claim regarding access to outdoor exercise. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by Plaintiff, does not establish personal participation under § 1983."). There is no allegation that Plaintiff ever personally engaged Capt. Meeks to discuss access to outdoor exercise, that Capt. Meeks was involved with CSP's policies regarding access to outdoor exercise, or that Capt. Meeks had the authority to allow Plaintiff access to outdoor exercise. As such, the Court finds that Plaintiff has failed to allege that Capt. Meeks was personally involved with denying Plaintiff access to outdoor exercise and that the claims against him must be dismissed on this basis.

With respect to Capt. Arguello, however, the Court disagrees with the Magistrate Judge's finding that Plaintiff has failed to allege personal participation in the constitutional deprivation. While Capt. Arguello denied Plaintiff's step one grievance, that is not his only involvement in this case. Rather, Plaintiff has alleged that he informally requested access to outdoor exercise, and that Capt. Arguello personally denied that request before any grievance was filed. (ECF No. 17 at 3.) Plaintiff is not attempting to hold Capt. Arguello liable in a supervisory role; he alleges that Capt. Arguello himself is responsible for denying Plaintiff access to outdoor exercise. Particularly in light of the Court's duty to view Plaintiff's *pro se* pleadings liberally, the Court finds that these allegations are sufficient to satisfy the personal participation

5

requirement as to Capt. Arguello. Accordingly, the Court rejects the Recommendation that Plaintiff's claim against Capt. Arguello be dismissed for failure to allege personal participation.

Nevertheless, Plaintiff's claim is subject to dismissal on an alternative basis, namely on the grounds that Plaintiff has failed to allege a physical injury sufficient to permit the recovery of monetary damages under the PLRA. The PLRA states, in pertinent part, "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). By its plain language, § 1997e(e) requires a prisoner to allege a physical injury to bring a claim for "mental or emotional injury."

The only relief Plaintiff seeks in this case is $200,000 in compensatory damages. (ECF No. 17 at 8.) The only injuries Plaintiff alleges that he suffered as a result of the deprivation of access to outdoor exercise are mental anguish and pain, distress, and headaches. (Am. Compl. at 4.) None of these are physical injuries sufficient to entitle Plaintiff to recover compensatory damages under the PLRA. *See Hughes v. Colo. Dep't of Corr.*, 594 F. Supp. 2d 1226, 1238 (D. Colo. 2009) ( "[A] prisoner cannot satisfy Section 1997e(e) by alleging only that he suffered from the physical manifestations of mental or emotional injuries.") (citing *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (affirming dismissal of prisoner's case because his only injuries were weight loss, appetite loss, and insomnia)); *see also Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006) (prisoner alleged that a disciplinary report was false, retaliatory, and resulted in his remaining in a high security facility for an additional year, which caused

him to be "mentally and physically depressed" and lose 50 pounds; court held that this was insufficient to state a claim for physical injury); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (mental anguish, emotional distress, psychological harm, and insomnia do not constitute physical injury for purposes of PLRA); *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 905 (N.D. Cal. 2004) (stating that "[p]hysical symptoms that are not sufficiently distinct from a plaintiff's allegations of emotional distress do not qualify as a prior showing of physical injury"); *Cain v. Virginia*, 982 F. Supp. 1132, 1135 n.3 (E.D. Va. 1997) (holding that depression and severe headaches caused by emotional distress not a "physical injury" under the PLRA).

The Court concludes that Plaintiff's Amended Complaint fails to allege sufficient facts showing that he suffered a physical injury which would permit him to be awarded compensatory damages for any mental or emotional suffering under the PLRA.[1]  Thus, even if Plaintiff were to prevail on the merits of his claim, he would not be permitted to recover the only damages he seeks in this case.  As such, the Court finds that Plaintiff has failed to state a claim upon which relief could be granted, and that dismissal of his claim against Capt. Arguello is appropriate.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 55) is REJECTED as to his finding regarding Plaintiff's allegations of Capt. Arguello's personal participation in the alleged constitutional deprivation but ACCEPTED in all other respects;

---

[1] The Court further notes that Plaintiff failed to meaningfully respond to this argument in his opposition to Defendants' Motion to Dismiss.  (ECF No. 33.)

2. Defendants' Motion to Dismiss (ECF No. 30) is GRANTED;

3. Plaintiff's claims against Defendants in their official capacities are DISMISSED WITHOUT PREJUDICE based on Eleventh Amendment immunity;

4. Plaintiff's claims against Defendants in their individual capacities are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief could be granted; and

5. The Clerk shall enter judgment in favor of Defendants.[2]  Each party shall bear his own costs.

Dated this 21st day of August, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[2] The Court notes that nothing in this Order precludes Plaintiff's participation in *DeCoteau et al. v. Ramisch*, Civil Action No. 13-cv-3399-WJM-KMT, which is a class action seeking injunctive relief that would afford access to outdoor exercise to all prisoners housed in administrative segregation at CSP. As that case does not involve any request for monetary damages, the physical injury requirement that bars Plaintiff's claims in this case does not apply. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999) (PLRA's physical injury requirement does not bar request for injunctive relief).